**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CHARLOTTE Y. HOLMES, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00385-TRM-CHS |
| | ) | |
| CHATTANOOGA POLICE | ) | |
| DEPARTMENT *et al.*, | ) | |
| *Defendants*. | ) | |

## REPORT AND RECOMMENDATION

**I.      Introduction**

Plaintiff Charlotte Y. Holmes, *pro se*, is proceeding *in forma pauperis* [Doc. 7]. This Court is responsible for screening all actions filed by plaintiffs proceeding *in forma pauperis* and for dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

**II.      Background**

Plaintiff filed this action on December 12, 2024, in this Court. [Docs. 1, 2]. Plaintiff names the Chattanooga Police Department ("CPD"), Chief Johnathan Chambers, in his official and individual capacities, and unknown police officers as defendants. [Doc. 2]. Plaintiff alleges that, when she was arrested on December 13, 2023, she experienced disability discrimination, deliberate indifference to serious medical needs, and excessive use of force by CPD. [*Id.*] Plaintiff seeks relief of $8,000,000 plus costs and attorney fees. [*Id.*]

### III. Discussion

#### A. Standard of Review

The standard required by §1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in her complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*); *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). However, a court is not required to accept legal conclusions without a factual basis when reviewing a complaint to determine if it states a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Further, the complaint must state "a plausible claim." *Iqbal*, 556 U.S. 662 (2009). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

#### B. Analysis

Plaintiff makes claims against Defendants for: (1) violating the Americans with Disabilities Act ("ADA"); (2) exhibiting a deliberate indifference to her medical needs; and (3) excessive use of force. [Doc. 2 at 1, 3-4]. The Court will address these claims seriatim.

##### 1. ADA Violation

Regarding a violation of the ADA, Plaintiff states, "At all times mentioned, Plaintiff was acting in a reasonable and prudent manner and my behavior was consistent with my mental health

disabilities of PTSD and Borderline Personality Disorder." [*Id.* at 3]. Plaintiff also states that CPD "did not provide a reasonable accommodation for my disability which is a violation of the ADA." [*Id.*]

Plaintiff provides no factual basis whatsoever to support her claim. Rather, she gives a mere conclusory statement that Defendants did not accommodate her disability and violated her rights under the ADA. No facts are pled suggesting that any Defendant knew that Plaintiff had any sort of disability. Such conclusory statements are inadequate to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 663-64. Therefore, Plaintiff's ADA claim should not survive screening.

### 2. Deliberate Indifference

Regarding her deliberate indifference claim, Plaintiff states:

> When we arrived at the Hamilton County Jail, I noticed that I was walking funny and my left foot was swollen. Although I mentioned it to the transporting officer; he ignored me. I was taken into the building where he continued to ask me questions to complete his paperwork, but failed to tell the intake correctional deputy that I could possibly need medical attention.

[Doc. 2 at 3]. Plaintiff also states that "it was about 12 hours that I did not receive any medical attention for my broken foot." [*Id.*]

A § 1983 claim for deliberate indifference to serious medical needs of a pretrial detainee arises under the Fourteenth Amendment Due Process Clause. *Winkler v. Madison Cnty.*, 893 F.3d 877, 891 (6th Cir. 2018). Such a claim has two parts: (1) the defendant objectively has "a sufficiently serious medical need"; and (2) the defendant subjectively "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 890-91.

Plaintiff has pled a sufficiently serious medical need by stating that she had a broken foot. However, even when liberally construing Plaintiff's complaint, the facts pled

by Plaintiff do not demonstrate that Defendants knew of or disregarded an excessive risk to her health or safety. Plaintiff states, "I noticed that I was walking funny and my left foot was swollen." She then states that she "mentioned it to the transporting officer" who did nothing about it and did not mention it to the intake officer.

The Court finds that mentioning to a defendant that one is walking funny and has a swollen foot is insufficient for a defendant to know of and disregard an *excessive risk* to a detainee's health. Plaintiff admits that she received medical attention "about 12 hours" after she was arrested.[1] [Doc. 2 at 3]. Such a delay cannot represent an excessive risk based on the facts known to Defendants here—that Plaintiff was walking, albeit imperfectly, and had some swelling.

Therefore, Plaintiff has not stated a Fourteenth Amendment deliberate indifference claim upon which relief can be granted. Such claim should not survive screening.

### 3. Excessive Force

Regarding excessive use of force, Plaintiff states:

. . . I was arrested by [CPD] on several charges. These charges included resisting arrest, false report, obstruction of justice, assault on a law enforcement officer, disorderly conduct, improper registration and driving left of the center's [sic] lane. I was then placed in a squad car and driven to Hamilton County Jail. When we arrived at the Hamilton County Jail, I noticed that I was walking funny and my left foot was swollen.

. . . .

CPD used excessive force which is a violation of the Fourth Amendment of the U.S. Constitution which protects against unreasonable searches and seizures. It encompasses the use of unreasonable force by law enforcement during an arrest or using more force than necessary.

[Doc. 2 at 3-4].

---

[1] The time between when she notified Defendants of her need for medical evaluation and obtaining treatment is even shorter.

"A claim of excessive force under the Fourth Amendment[2] requires that a plaintiff demonstrate that a seizure occurred, and that the force used in effecting the seizure was objectively unreasonable." *Rodriguez v. Passinault*, 637 F.3d 675, 680 (6th Cir. 2011). Plaintiff clearly meets the seizure requirement by stating she was arrested and taken to jail. However, Plaintiff does not provide facts to adequately support her conclusory claim that CPD used excessive force.

"In determining whether excessive force was used, courts must ask whether the officer's actions, in light of the totality of the circumstances, were objectively reasonable." *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001). Here, Plaintiff provides very little in the way of facts that show the totality of the circumstances. Most importantly, the only facts alleged by Plaintiff that suggest *any* use of force by any of Defendants are that she "was arrested" and "then placed in a squad car." [Doc. 2 at 3]. These are wholly inadequate to describe an objectively unreasonable use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). Plaintiff does detail a specific injury when she states, "I noticed that I was walking funny and my left foot was swollen." [Doc. 2 at 3]. Plaintiff states that she eventually learned she had a broken foot. [*Id.*] However, Plaintiff does not allege facts showing that her injury was caused by any of Defendants.

The Court finds that Plaintiff's statements that she was arrested, placed in a squad car, and noticed an injury at the jail which turned out to be a broken foot, without any factual support that any of Defendants caused her injury, are inadequate to state a claim for

---

[2] Plaintiff's claim here is also under the Fourteenth Amendment as it involves state government action.

excessive use of force. *Cf. Fairbanks v. City of Trenton*, No. 1:15-CV-33, 2016 WL 51223, at *4 (S.D. Ohio Jan. 5, 2016) (finding plaintiff had "not pleaded sufficient facts to state a claim for excessive force" under the Fourth Amendment when plaintiff "pleaded that the officers 'forcefully' laid hands upon him, handcuffed him, and physically placed him in the police vehicle.").[3]

Therefore, Plaintiff's Fourth Amendment claim should not survive screening.

## IV. Conclusion

For the reasons set forth above, Plaintiff does not state a claim upon which relief can be granted. Therefore, it is hereby **RECOMMENDED**[4] that this action be **DISMISSED WITHOUT PREJUDICE**.

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[3] *Fairbanks* differs from the instant case in that the plaintiff in *Fairbanks* made conclusory allegations, gave facts showing a connection between force used by officers and potential injury, but did not plead any actual injury. Here, Plaintiff makes conclusory allegations, states an actual injury, but does not plead facts showing any connection between forced used by officers and her injury. Nevertheless, the cases are sufficiently analogous to illustrate how conclusory allegations with scant and incomplete factual bases fall short of the standard to state a viable excessive use of force claim under the Fourth Amendment.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).