**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CHARLOTTE Y. HOLMES,<br><br>*Plaintiff*,<br><br>v.<br><br>CHATTANOOGA POLICE DEPARTMENT, *et al.*,<br><br>*Defendants*. | ) | Case No. 1:24-cv-385<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

## ORDER

On December 12, 2024, Plaintiff filed this *pro se* action without paying the filing fee and moved for leave to proceed *in forma pauperis* (Docs. 1, 2). On March 6, 2026, Magistrate Judge Steger issued a report and recommendation recommending the Court dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (Doc. 16.) Plaintiff timely filed an "objection" to Magistrate Judge Steger's report and recommendation, but it does not object to any findings or holdings in Magistrate Judge Steger's report and recommendation. (*See* Doc. 17.) Instead, Plaintiff's "objection" requested leave to file a second amended complaint. (*See id.*) The Court granted Plaintiff's request for leave to file a second amended complaint (Doc. 22), which she did on May 28, 2026 (Doc. 25).

On August 21, 2026, Magistrate Judge Steger issued another report and recommendation. (Doc. 28.) In his report and recommendation, Magistrate Judge Steger recommends that: (1) Plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983 survive screening; (2) Plaintiff's ADA Title II claim, as well as her claims for negligence and intentional infliction of emotional distress be dismissed without prejudice; and (3) the Clerk of Court issue service packets for

Plaintiff to complete and return to the Clerk of Court. (*Id*. at 9.) After Magistrate Judge Steger entered his report and recommendation, Plaintiff filed a motion to transfer venue (Doc. 29) and objections to the report and recommendation (Doc. 30.) Plaintiff's motion to transfer venue and her objections to Magistrate Judge Steger's report and recommendation are now ripe for the Court's review.

## I. PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

### A. Standard of Law

This Court must conduct a de novo review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). Although the Court is required to engage in a de novo review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

### B. Analysis

Although Plaintiff does not object to Magistrate Judge Steger's recommendation that her Fourth Amendment claim survive screening, she does object to his recommendation that her other claims be dismissed without prejudice. (Doc. 30.)

*i. Title II of the Americans with Disabilities Act*

In his report and recommendation, Magistrate Judge Steger recommends dismissing Plaintiff's ADA claim because she has not plausibly alleged that animus against a protected group. Plaintiff objects, arguing that the report and recommendation failed consider whether she stated a valid ADA claim under a failure-to-accommodate theory.

Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Booth v. Lazzara*, 164 F.4th 581, 588 (6th Cir. 2026) (quoting 42 U.S.C. § 12132). This statute prohibits intentional discrimination against disabled individuals, and, even if neutral policies do not discriminate against individuals, the statute "sometimes requires governments to make reasonable accommodations to those policies." *Id.* Although the Sixth Circuit has noted that it is "not obvious that § 12132's text reaches the way the police make otherwise lawful arrests," a proposed accommodation "is not reasonable if it requires more than a 'moderate' change to existing policies" and the government is not required to make a change that would fundamentally alter the nature of the government activity at issue." *Id.* As an example, the Sixth Circuit has held, in the context of an arrest, that a proposed accommodation is unreasonable if it would require law enforcement to adjust their policies for detaining individuals if safety concerns would arise from the change," explaining that it is unreasonable to require "officers to take unsafe steps [that] would accommodate an arrestee's disability at the expense of police and bystanders who may get injured." *Id.*

The report and recommendation is correct that Plaintiff's amended complaint does not include any allegations plausibly suggesting that law enforcement intentionally discriminated

against her based on her disability.  To the extent Plaintiff purports to bring a failure-to-accommodate claim under Title II of the ADA, her amended complaint also fails to state a claim. Even assuming the failure-to-accommodate theory is viable in the context of an arrest, Plaintiff's proposed accommodations are not reasonable because they would require law enforcement to fundamentally alter their policies in a manner that would require officers to take unsafe steps to accommodate her disability.  According to her own amended complaint, she alleges, among other things, that:  (1) Officer Long approached her vehicle and requested her driver's license; (2) Officer Long told her that he pulled her over because she nearly crossed the center lane without a turn signal; (3) she made her first suicidal statement from inside her vehicle—"Do you want me to kill myself?"; (4) she screamed at Officer Long not to call her "Madam"; (5) during the course of her interactions with Officer Long, she repeatedly threatened to kill herself.  Under these circumstances, Plaintiff's requested accommodations, including her requests for a female officer, her request for a black officer, her request that Officer Long not be present, and her requests that Officer Long stop using the word "Madam" are all unreasonable.  Plaintiff, by her own admission, threatened suicide during her interactions with Officer Long, and her requested accommodations potentially would have required law enforcement to take unsafe steps to accommodate her alleged disability.  As a result, even assuming a failure-to-accommodate theory is viable in the context of an arrest, Plaintiff's amended complaint fails to state a claim for a violation of the ADA.  Accordingly, Plaintiff's objections related to the ADA claim in her amended complaint are overruled.

*ii. Negligence*

In his report and recommendation, Magistrate Judge Steger recommended dismissing Plaintiff's negligence claim against Hamilton County, Tennessee, because it is barred by the

Tennessee Governmental Tort Liability Act ("GTLA"). Plaintiff did not object to Magistrate Judge Steger's recommendation that her negligence claim be dismissed. Nonetheless, the Court has reviewed Plaintiff's amended complaint and agrees with Magistrate Judge Steger's well-reasoned analysis as it relates to her negligence claim against Hamilton County, Tennessee. As a result, the Court will dismiss Plaintiff's negligence claim.

*iii. Intentional Infliction of Emotional Distress*

Plaintiff also objects to Magistrate Judge Steger's recommendation that the Court dismiss her claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress under Tennessee law, a plaintiff must allege that the defendant engaged in conduct that was "(1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." *Lemon v. Williamson Cnty. Schs.*, 618 S.W.3d 1, 22 (Tenn. 2021) (explaining that the type of conduct that may meet Tennessee's IIED standard is illustrated by the cases where the conduct did meet the high standard, namely cases in which the defendant-decedent had shot another person and then himself in front of plaintiff or firing gunshots near plaintiff's home).

After independent review, the Court agrees with Magistrate Judge Steger's conclusion that Plaintiff's amended complaint does not state a viable intentional-infliction-of-emotional-distress claim. As Magistrate Judge Steger detailed, Plaintiff's allegations include antagonistic exchanges between her and law enforcement, suicidal threats, and that she was hysterical during the interaction. And as Magistrate Judge Steger concluded, even if the responding officer's behavior was imperfect, the allegations are insufficient to plausibly suggest that his conduct was so outrageous that it is not tolerated by civilized society. As a result, the Court will overrule

Plaintiff's objections to the report and recommendation as to her claim for intentional infliction of emotional distress.

## II. PLAINTIFF'S MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. 1391(b), a civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Additionally, the Court has broad discretion to transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other . . . division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *see Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). A transfer under Section 1404(a) is appropriate when it is established, first, that the claim might have been brought in the district to which transfer is requested, and, second, that the balance of relevant private and public interest factors "reveals that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court." *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006) (citation omitted).

In this case, transfer is not appropriate because venue is not proper in the Western District of Tennessee. Plaintiff's claims are against the City of Chattanooga, Tennessee, and are based on actions taken by Chattanooga police officers during a traffic stop and during her subsequent arrest. The City of Chattanooga does not reside in the Western District of Tennessee, and none of the events giving rise to Plaintiff's claims occurred in the Western District of Tennessee. As a

result, venue is not appropriate in the Western District of Tennessee under 28 U.S.C. § 1391, and transfer is inappropriate under 28 U.S.C. § 1404. Accordingly, Plaintiff's motion to transfer venue is **DENIED**.

## III. CONCLUSION

For the reasons stated herein, Plaintiff's motion to transfer venue (Doc. 29) is **DENIED** and her objections to the report and recommendation (Doc. 30) are **OVERRULED**. Magistrate Judge Steger's report and recommendation (Doc. 28) is **ADOPTED**. Plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983 will proceed. Plaintiff's claims for violation of the ADA, negligence, and intentional infliction of emotional distress are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to issue service packets to Plaintiff. Plaintiff **SHALL** return the service packets to the Clerk of Court on or before **December 1, 2026**.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**